Tilghman C. J.
Jane Bantham, a black girl under the age of eighteen, residing in the state of Delaware, was bound to Cyrus Pearce of Chester county, in this state, until she should attain the age of eighteen. This binding was before a justice of the peace of Delaware, on the 30th August, 1813. Afterwards, on the 17th May, 1814, she was bound by a second indenture, to J. H. Baker of the city of Philadelphia, as an apprentice to learn the art of housewifery, &c. Cyrus Pearce was party to this indenture as the master and next friend of the girl, and it was executed in presence of alderman Bartram to Abraham Kendig, who paid 35 dollars, which was divided between J. H. Baker and Cyrus Pearce, but in what proportions does not appear. Jane Bantham?s father is living at Easton, in the state of Maryland., but there is no evidence of his having taken any care of her for many years. I shall not decide whether the indenture to Pearce was valid by the law of Delaware, because Kendig, who now holds the girl, does not rely on it, nor does it appear to have been regularly assigned to him. The question will be, whether the indenture to J. H. Baker be good ? And that will depend on the laws of Penn *367 -sylvania. The act of 29th September, 1770,(a) requires to make a good indenture of apprenticeship, the assent of the" parent, guardian, or next friend of the infant, or the assent of the overseers of the poor, and approbation of two justices of the peace. In this case there was no consent of parent or guardian, but of a person who called himself next friend. Considering that the father of the infant lived at a distance in another state, and that he had long relinquished the protection of his child, I should have thought that she might have been bound without his assent, under the guidance of a person who could properly be considered as her next friend-; but I cannot view Cyrus Pearce in that light, because I consider the binding to Baker, and assignment to Kendig, as nothing else than a sale by Pearce to Kendig, through the intervention of Baker, who is a broker in this kind of business. Without meaning to reflect at all, on the character of Mr. Pearce or Mr. Kendig, both of whom stand fair before the court, I think it would be of dangerous consequence to admit, that a man who is about to sell his apprentice, should take the place of next friend, because he must be' supposed to. be acting for his own interest, which is incompatible with the idea of a guardian. I am therefore of opinion, that the indenture to Baker, under which Kendig claims, was not agreeable to the act of assembly, and consequently, Jane Bantham is not bound by it; she must therefore be discharged.
Apprentice discharged.

 Purd. Ab. 4.